Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000629
24-JAN-2019
07:51 AM

NO. CAAP-17-0000629

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HOMESTREET BANK, Plaintiff-Appellee,
v.
CESAR RENOL CABA; EVELYN SAHAGUN CABA,
Defendants-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; and
DOE ENTITIES 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0571)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendants-Appellants Cesar Renol Caba and Evelyn
Sahagun Caba (collectively the Cabas) appeal *pro se* from the
"Findings of Fact, Conclusions of Law, and Order Granting
Plaintiff HomeStreet Bank's Motion for Summary Judgment and
Decree of Foreclosure Filed on February 16, 2017" (Order Granting
Summary Judgment) and the "Judgment" both entered on
September 14, 2017, by the Circuit Court of the Second Circuit
(circuit court).[1]  The Order Granting Summary Judgment and

---

[1]  The Honorable Peter T. Cahill presided.

Judgment were entered in favor of Plaintiff-Appellee HomeStreet Bank (HomeStreet).

On appeal, the Cabas appear to primarily contend that HomeStreet improperly denied their application for loan modification and that HomeStreet failed to prove that the Cabas did not provide HomeStreet with the necessary documentation required to process their loan modification application and therefore, the circuit court erred in granting summary judgment in favor of HomeStreet.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Cabas' points on appeal as follows and affirm.[2]

We note that the Cabas' opening brief fails to comply with various provisions set forth in Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b), nevertheless, this court observes a policy of affording pro se litigants the opportunity "to have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994). Additionally, the Cabas did not include the trial transcripts as part of the record on appeal. As such, our review is based on the information contained in the pleadings filed by the parties and the circuit court.

The Cabas appear to argue that they had provided

---

[2] This court originally entered a Summary Disposition Order on June 7, 2018, which reached the same conclusions as this order, and entered Judgment on July 3, 2018. On July 2, 2018, this court was notified, via HomeStreet's filing of a letter addressed to the Honorable Kenneth J. Mansfield, that Defendant Evelyn Sahagan Caba had filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Court for the Central District of California on June 4, 2018 (Case No.: 2:18-bk-16434-NB). This court accordingly entered an Order, dated August 10, 2018, vacating the June 7, 2018 Summary Disposition Order and the July 3, 2018 Judgment. HomeStreet Bank v. Caba, No. CAAP-17-0000629, 2018 WL 3992192, at *1 (Haw. App. Aug. 10, 2018). HomeStreet subsequently filed a "Notice of Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) filed November 9, 2018" in CAAP-17-0000629 on December 14, 2018. In light of the termination of the bankruptcy stay as to the real property at issue in this appeal, we now enter this Summary Disposition Order.

HomeStreet with the necessary documentation to process their loan modification application and that they were thus entitled to a loan modification thereby making summary judgment unwarranted.

An appellate court reviews the circuit court's grant or denial of summary judgment *de novo*. Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Hawai'i Rules of Civil Procedure (HRCP) Rule 56(c).

On May 3, 2007, the Cabas executed an InterestFirst™ Adjustable Rate Note (Note) in favor of HomeStreet for $894,400.00. The Note was secured by a mortgage on the subject property encumbering the property to the mortgagee, Mortgage Electronic Registration Systems, Inc. (MERS), acting solely as nominee for HomeStreet (Mortgage). An assignment of the Mortgage from MERS, as nominee for HomeStreet, to HomeStreet was recorded in the Bureau of Conveyances on October 2, 2009.

On November 14, 2016, HomeStreet filed a complaint for foreclosure seeking to foreclose on the Cabas' property due to the Cabas' default under the Note and Mortgage. On February 16, 2017, HomeStreet filed a motion for summary judgment and decree of foreclosure (Motion for Summary Judgment) based on the Cabas' failure to make payments since March 2016. In their memorandum in opposition to HomeStreet's Motion for Summary Judgment filed on April 6, 2017, the Cabas indicated that they had not yet submitted their loan modification application.

The Cabas appear to have submitted documentation to initiate their loan modification by email and mail to HomeStreet on May 30, 2017 and June 14, 2017, respectively. Thereafter, on June 20, 2017, HomeStreet sent the Cabas a letter (June 20, 2017 Letter) requesting certain information and documentation required to complete their loan modification package in order to evaluate

whether they qualified for foreclosure prevention alternatives. Documentation that was requested by HomeStreet included:

- LETTER FROM DOCTOR CONFIRMING UNABLE TO WORK, COPIES OF MEDICAL BILLS
- COPY OF 2 MOST RECENT BUSINESS BANK STATEMENTS ALL PAGES
- YEAR-TO-DATE PROFIT AND LOSS
- CLARIFY UTILITY EXPENSES FOR BUSINESS
- COPY OF PENSION STATEMENT OR AWARD LETTER
- COPY OF SOCIAL SECURITY AWARD LETTER

HomeStreet also indicated in the June 20, 2017 Letter that "failure to submit all required documentation or information by July 20, 2017 may result in ineligibility for a foreclosure prevention alternative and the foreclosure proceedings may continue." HomeStreet sent a subsequent letter on July 17, 2017, indicating that it had not yet received the requested documentation and again stating that the deadline for the submission was July 20, 2017.

In response to June 20, 2017 Letter and July 17, 2017 Letter sent by HomeStreet, the Cabas filed a "Notice to the Court of Filed Modification or HAMP Program Appled [sic] on May 30, 2017 Online and Sent Another One on June 14, 2017 via Priority Overnight" on July 31, 2017 (Notice of Loan Modification). In support of the Cabas' claim that they had submitted a complete loan modification application as requested by HomeStreet, the Cabas attached as exhibits to the Notice of Loan Modification, 1) the documentation they had initially submitted to initiate their 2017 loan modification, prior to the HomeStreet letters, and 2) Cesar Cabal's "Bill for Services" from Kaiser Permanente. There is no indication that the Cabas submitted all documents requested and required by HomeStreet in order for HomeStreet to determine the Cabas' eligibility for loan modification. In response to the Cabas' Notice of Loan Modification, HomeStreet asserted that it did not receive the requested documentation to process the Cabas' loan modification application and therefore, it closed the Cabas' file and requested that the circuit court proceed with its Motion for Summary Judgment.

Based on our review of the record on appeal and viewing the evidence in the light most favorable to the Cabas, we

4

determine that there is insufficient evidence of a pending loan modification or that the Cabas' loan modification was improperly denied to create a genuine issue of material fact. Accordingly, we conclude that the circuit court did not err in granting summary judgment in favor of HomeStreet.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff HomeStreet Bank's Motion for Summary Judgment and Decree of Foreclosure Filed on February 16, 2017" and the "Judgment," both entered on September 14, 2017, by the Circuit Court of the Second Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, January 24, 2019.

On the briefs:

Cesar Renol Caba, and
Evelyn Sahagun Caba,
Pro-Se, Defendants-Appellants.

Patricia J. McHenry,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge